# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ANDRES SPINETTI,                       *
                                       *
            Petitioner,                *     No. 17-951V
                                       *     Special Master Christian J. Moran
                                       *
                                       *     Filed: October 8, 2019
v.                                     *
                                       *
SECRETARY OF HEALTH                    *     Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
* * * * * * * * * * * * * * * * * * * *
```

Ramon Rodriguez III, Sands Anderson PC, Richmond VA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 17, 2019, petitioner Andres Spinetti moved for final attorneys' fees and costs. He is awarded $32,049.73.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On July 14, 2017, petitioner's parents, Livania Zavala, M.D. and Nelson J. Spinetti, M.D., filed for compensation on his behalf under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the group B meningococcal vaccine he received on May 4, 2015 caused him to suffer autoimmune neuroretinitis and/or optic neuritis of the left eye which resulted in permanent deficits in his left visual field.  On May 16, 2018, petitioner filed his motion to substitute party and amend the case caption since he had reached the age of majority and the undersigned granted the motion on May 18, 2018.  ECF Nos. 22, 24.

The parties submitted a joint stipulation that was incorporated in a decision issued December 18, 2018, awarding petitioner compensation of $75,000.00 and awarding compensation for past unreimbursed expenses of $5,640.57 to his parents.  Decision, ECF No. 35.

On June 7, 2019, petitioner filed a motion for final attorney's fees and costs. Petition for Reimbursement of Attorneys' Fees and Costs, ECF No. 42 ("Fees App.").  Petitioner's counsel represented him throughout the entirety of this matter but changed law firms during the course of litigation.  Petitioner requests fees of $19,371.30 and costs of $28.84 for his counsel's current law firm.  Petitioner requests fees of $12,097.90 and costs of $551.21 for his counsel's former law firm. In addition, pursuant to General Order No. 9, petitioner warrants he personally incurred $0.48 in costs in pursuit of this litigation.  In total, Petitioner requests final fees and costs of $32,049.73.  Id. at 4-5, 9.

On June 13, 2019, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Petition for Reimbursement for Attorney's Fees ("Response"), ECF No. 43.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests hourly rates for the work of his attorney with increases for each year. Petitioner requests the following rates for the work of his attorney, Ramon Rodriguez, III, as follows: $361 per hour for work performed in 2015, $375.00 per hour for work performed in 2016, $383.00 per hour for work performed in 2017, $394.00 per hour for work performed in 2018, and $405.00 per hour for work performed in 2019. His hourly rates are consistent with what he has previously been awarded for his work. See Heagney v. Sec'y of Health & Human Servs, No. 16-601V, 2019 WL 1375931, at *2 (Fed. Cl. Spec. Mstr. Mar. 7, 2019). Accordingly, no adjustment to the requested rates is necessary.

Petitioner also requests that paralegals be compensated at rates between $135.00 and $151.00 per hour. The undersigned finds that the rates sought are reasonable. See OSM Attorneys' Forum Hourly Rate Fee Schedule, 2015-2016, 2017, 2018, 2019.[2]

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records of petitioner's attorney and paralegals and the number of hours billed are reasonable.

Petitioners are thus awarded attorneys' fees of $19,371.30 for counsel's current law firm and $12,097.90 for counsel's former law firm.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $28.84 in costs for her counsel's current law firm and $551.21 for her counsel's former law firm. The costs include expenses related to medical records, postage, and the filing fee. The undersigned finds the costs reasonable.

Finally, pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs of $0.49. Exhibit 18, ECF No. 42-4. However, the photocopied envelope included with the petition for fees shows postage in the amount of $0.48. Exhibit 17, ECF No. 42-3. The undersigned finds the postage cost reasonable and awards $0.48.

Accordingly, petitioners are entitled to a final award of attorney's costs in the amount of **$28.84** for counsel's current law firm, **$551.21** for counsel's former law firm, and petitioner's costs of **$0.48**.

---

[2] Office of Special Masters (OSM) Attorneys' Forum Hourly Rate Fee Schedules, accessed at http://www.cofc.uscourts.gov/node/2914.

4

E.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1) **$19,400.14** representing reimbursement for petitioner's current law firm's fees and costs, in the form of a check payable jointly to petitioner and Sands Anderson P.C.; and

2) **$12,649.11** representing reimbursement for petitioner's former law firm's fees and costs, in the form of a check payable jointly to petitioner and Rawls Law Group; and

3) **$0.48** representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.